DARRYL STALLWORTH, ESQ. (SBN: 163719)
TAYLOR, GOINS & STALLWORTH LLP
1330 BROADWAY, SUITE 1701
OAKLAND, CALIFORNIA 94612
TEL: (510) 893-9465
FAX: (510) 893-4228

FILED
08 MAY -6 PM 2:05
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>HELEN LOWE,<br><br>Defendants | CASE NO. CR 07-00555-2 WHA<br><br>**DEFENDANT'S MEMORANDUM RE SENTENCING**<br><br>Date: May 20, 2008<br>Time: 2 p.m. |
|---|---|

### **INTRODUCTION**

Defendant, Helen Lowe by and through her attorney Darryl Stallworth of Taylor, Goins & Stallworth LLP, submits the following memorandum to address the pre-sentence report, the application of the factors set forth in the sentencing statutes and sentencing guidelines, as well as to suggest what she believes is a reasonable sentence in a matter and pursuant to those statutes. Mrs. Lowe's sentencing is presently set for May 20, 2008.

On February 6, 2008 a Superseding information was filed charging Mrs. Lowe with a Misdemeanor violation of 18 U.S.C. Section 1012. On February 8, 2008 Mrs. Lowe pled guilty to Count One, of the Superseding Information.

The pre-sentence report recommends that Mrs. Lowe pay $126,000 in restitution, a $30,000 fine, and consideration of home detention.

**DISCUSSION**

The Sentencing Act, which, as mandated by *Booker*, now guides federal judges in their selection of a sentence, directs the courts to "impose a sentence sufficient, but not greater than necessary, to comply . . . with the need for the sentence imposed –

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)    to afford adequate deterrence to criminal conduct;

    (C)    to protect the public from further crimes of the defendant; and

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *See* 18 U.S.C. § 3553(a) (2).

Section 3553(a) further directs sentencing courts to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the kinds of sentences and the sentencing range established for the offense under the Guidelines; (4) any pertinent policy statements issued by the Sentencing Commission; (5) the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. Thus, the Guidelines range for the offense is but one of ten factors specified under the Sentencing Act.

In accordance with *Booker* and with the directives of 18 U.S.C. § 3553(a), Mrs. Lowe submits the following concerning the Court's consideration of the required factors in imposing a sentence.

I.    The Nature and Circumstances of the Offense and the History and Characteristics of Defendant

    **A.**    **Defendant's Criminal Activity**

Defendant, Helen Lowe understands and recognizes that the Department of Housing and Urban Development set out to assist the less fortunate by creating housing opportunities which allowed certain individuals to take advantage of government subsidies. Mrs. Lowe realizes that

- 2

her actions were unlawful and deceitful. She is sincerely remorseful and plans on paying the government back full amount of the $126,000 restitution owed as well as the $30,000 fine.

### B. Defendant's History

The Defendant does not have a criminal history.

## II. The Need for the Sentence Imposed to Satisfy Certain Articulated Purposes

### A. To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense.

Having lived for almost 80 years without a criminal record, Mrs. Lowe is deeply reflective of the seriousness of her potential sentence. The past 6 months have been incredibly humbling and challenging for her.

### B. To Afford Adequate Deterrence to Criminal Conduct.

Mrs. Lowe accepted responsibility for committing this offense. She is deeply regretful that she committed these crimes. Mrs. Lowe has battled depression brought about by the realization of what she has done to herself and to her family. (See Exhibit D)

### C. To Protect the Public from Further Crimes of Defendant

At the risk of sounding overly dramatic, I can assure you that the public will never have to worry about Mrs. Lowe committing any future acts of unlawful or criminal activity.

## III. The Kinds of Sentences Available.

As noted in the Pre-sentence Report, the Sentencing Act allows for a term of imprisonment up to one year.

## IV. The Kinds of Sentence and the Sentencing Range Established for the Applicable Category of Offense Committed by the Applicable Category of Defendant as Set Forth in the Guidelines.

The final Pre-sentence Report, I believe will calculate Mrs. Lowe as a Criminal History Category I with an offense level of nine (9). The Sentencing Guidelines places the range of custody at 12 months.

However, as noted in the plea agreement between Deputy U.S. Attorney Erika Frick and Mrs. Lowe a recommendation of home detention is anticipated due to her lack of criminal history and personal background.

V.   The Need to Avoid Unwanted Sentencing Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct.

Defendant's plea agreement reflects the desire to avoid unwarranted sentencing disparities between two similarly situated co-defendants.

**CONCLUSION**

For over 75 years, Mrs. Lowe has lived a life of immeasurable respect and high morality. She was born and raised in a small rural town in Louisiana. Her father was a World War II veteran who tragically died of an untreated knee infection when Mrs. Lowe was a child. Although her family struggled financially to make ends meet, her mother and her faith in God provided her with a spiritual foundation that would later prove to be more valuable than money. Mrs. Lowe met and married the love of her life while still yet a teenager. The two of them eventually made their way to California and raised five beautiful children. Mr. Lowe owned and managed a car detail shop while Mrs. Lowe raised their children and later worked as a day care and boarding care provider. All five children grew into adulthood and all seemed well.

As Mrs. Lowe and her husband prepared themselves for retirement, cancer reared its ugly head and required them to do the unthinkable. In the twilight of their lives they had to bury four of their five children. If not for her faith in God and the support of her husband to lean on Mrs.

Lowe would not have survived. Unfortunately, in 2003 her faith would be tested yet again when she would loose her husband to the same pancreatic cancer that had taken her eldest son.

Not surprisingly Mrs. Lowe's painful past has taken its physical and mental toll. At 79 years of age she suffers from high blood pressure, chronic kidney disease, high cholesterol and a deteriorating knee which confines her to a wheel chair. She has battled numerous bouts of depression in her entire life. These past few months have been particularly anxious as she awaits his Honor's sentence.

I understand and appreciate Assistant U.S. Attorney Erika Frick's recommendation of home detention rather than incarceration. However, Mrs. Lowe and I would of course be grateful if his Honor were to follow Mrs. Frick's recommendation. I would like to conclude with one last insight. At 79 years of age Mrs. Lowe has lost much of her health and most of her peace. The conviction, probation, $30,000 fine, and $126,000 in restitution will serve as a strong penalty and painful reminder of her poor judgment. If you require her to wear an ankle bracelet it will take away the one thing that is keeping her alive, "Her Spirit". Thank you for your consideration.

DATED: May 5, 2008

Respectfully submitted,

TAYLOR, GOINS & STALLWORTH LLP

By: _____
Darryl Stallworth
*Attorney for Defendant*

- 5 -