1  JOSEPH P. RUSSONIELLO (CASBN 44332)
   United States Attorney

2

3  BRIAN J. STRETCH (CASBN 163973)
   Chief, Criminal Division

4  ERIKA R. FRICK (CASBN 208150)
   Assistant United States Attorney

5

   450 Golden Gate Avenue, Box 36055
6  San Francisco, California 94102
   Telephone: (415) 436-6973
7  Facsimile: (415) 436-7234
   Email: erika.frick@usdoj.gov

8

   Attorneys for Plaintiff

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13

   UNITED STATES OF AMERICA,        )    No. CR 07-0555 WHA
14                                   )
          Plaintiff,                 )    **UNITED STATES' SENTENCING**
15                                   )    **MEMORANDUM AS TO DEFENDANT**
       v.                            )    **HELEN LOWE**
16                                   )
   HELEN LOWE,                       )    Sentencing Date:   May 20, 2008
17                                   )
          Defendant.                 )
18                                   )
   _____ )
19

20

21

22         The government hereby submits this brief Sentencing Memorandum as to defendant

23  HELEN LOWE.

24         Having entered into a plea agreement in No. CR 07-0555 WHA, pursuant to Federal Rule

25  of Criminal Procedure 11(c)(1)(A) and (B), defendant Helen Lowe stands convicted of one count

26  of Making a False Report or Statement to the U.S. Department of Housing and Urban

27  Development ("HUD"), in violation of 18 U.S.C. § 1012.

28         In the plea agreement, the government and the defendant agreed to an adjusted offense

   CR 07-0555 WHA
   SENT. MEMO RE LOWE                 -1-

1  level between 8 and 10, depending on the loss amount to be determined by this Court.  If the loss

2  amount is at least $120,001, then the adjusted offense level is 14.  If the loss amount is between

3  $70,001 and $120,000, the adjusted offense level is 13.  See Plea Agreement ¶ 7.  The parties did

4  not agree to a Criminal History Category ("CHC").  The government agrees with the Probation

5  Officer's calculation of a CHC of I.  See Presentence Report ("PSR") ¶ 30.  With an offense

6  level of 8 and CHC I, the Guideline sentencing range is 0 to 6 months.  With an offense level of

7  10, by contrast, the Guideline range is 6 to 12 months.  In the plea agreement, the defendant

8  agreed that a Guideline sentence within the applicable Guideline range would be reasonable, and

9  that she would not seek a sentence below the applicable Guideline range.  Plea Agreement ¶ 8.

10  She agreed to pay $126,934 in restitution and a $30,000 fine.  Id. at ¶ 9.

11      It is the government's position that the actual loss amount is accurately reflected by the

12  attached spreadsheets, which were obtained from the San Francisco Housing Authority.  See

13  Exhibit A.  The offense conduct was from December 1998 through December 2006.  Plea

14  Agreement ¶ 2.  The government calculates the total loss amount from December 1998 through

15  August 2006 – which almost covers the date range of the offense conduct – as being $127,724.

16  See Exhibit A.  However, the government agreed in the plea agreement not to seek to prove a

17  loss amount higher than $126,934.  Plea Agreement ¶ 7.  Thus, the government believes that the

18  appropriate adjusted offense level is 10.  The Probation Officer agrees with the government's

19  assessment of the loss amount and adjusted offense level.

20      In the plea agreement, the government agreed to recommend a sentence of probation that

21  includes a condition or combination of conditions that substitute intermittent confinement,

22  community confinement, or home detention for imprisonment, pursuant to U.S.S.G.

23  § 5C1.1(c)(3).  Plea Agreement ¶ 15.  The Probation Officer agrees with that assessment, and has

24  recommended a sentence of three years probation, with six months home confinement without

25  electronic monitoring in lieu of custody.  As the Probation Officer explained in his detailed

26  Presentence Report, such a sentence is adequate but not greater than necessary to accomplish the

27  objectives set forth in 18 U.S.C. § 3553(a).  The sentence is a significant sentence for this

28  defendant, who has almost no criminal history.  Although the offense is serious, especially due to

CR 07-0555 WHA
SENT. MEMO RE LOWE                    -2-

1  the length of time in which the defendant received payments, the defendant – in contrast to her

2  co-defendant and granddaughter Lauton Joshua – submitted only one fraudulent document

3  during the relevant time period.  Other mitigating factors include the fact that the defendant has

4  maintained consistent gainful employment and improved herself educationally.  The defendant is

5  also a frail woman, currently confined to a wheelchair, and is 79 years old.  The offense was

6  non-violent, and the defendant is not perceived to be a threat to the community.  In addition, the

7  defendant has agreed to pay a large amount of restitution and a substantial fine.

8         For those reasons, the government agrees with the Probation Officer that a sentence of

9  three years probation with six months of home confinement is appropriate in this case.

10

11  DATED:  May 13, 2008                                    Respectfully submitted,

12                                                          JOSEPH P. RUSSONIELLO
                                                            United States Attorney

13

14
                                                           _____/s/_____
15                                                          ERIKA R. FRICK
                                                            Assistant United States Attorney

16

17

18

19

20

21

22

23

24

25

26

27

28

CR 07-0555 WHA
SENT. MEMO RE LOWE                        -3-